**Brenda W. GROVES, Plaintiff-Appellant,**

**v.**

**John L. McLUCAS, Secretary, Department of the Air Force, Defendant-Appellee.**

**No. 76–4189**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 13, 1977.

Paul Shimek, Jr., Pensacola, Fla., for plaintiff-appellant.

J. Worth Owen, Asst. U.S. Atty., Pensacola, Fla., Nickolas P. Geeker, U.S. Atty., Tallahassee, Fla., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Plaintiff, Brenda W. Groves, filed a Title VII suit against the United States Air Force, alleging both sex discrimination and reprisal. The Air Force had reassigned Groves, employed at Eglin Air Force Base, Florida, from a Secretary, GS–0318, in the Civilian Personnel Office to a Clerical Assistant, GS–0301, in the Interagency Coordination Office of the Deputy for Armament Systems. Plaintiff alleges that the reassignment was a direct result of her having initiated an EEO proceeding by filing an informal complaint of sex discrimination. She also alleged several instances of gener-

* Rule 18, 5 Cir; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

al harassment and specific retaliatory actions.

On August 19, 1976, Groves filed an Application for Preliminary Injunction, in which she asked that she be temporarily reinstated in her job pending a hearing on the merits of the title VII action. A hearing on the Application was held on September 15, and the judge issued an order on September 24 enjoining the Air Force from discriminating against plaintiff because of her EEO complaints, and reinstating plaintiff in her position. On November 17, the judge amended the prior order, and directed the Air Force to reinstate plaintiff in the position she held at the time of the first retaliatory act, or any GS–0301–05 Clerical Assistant position, with her former grade, rate, pay and status restored. The judge vacated his previous order's award of back pay and attorney's fees, however.

 Plaintiff insists that she is entitled to the back pay and attorney's fees granted originally, while defendant maintains that even the grant of preliminary injunctive relief in the form of reinstatement was erroneous, and, alternatively, that even assuming irreparable injury was established, the trial court was not obligated to include back pay and attorney's fees.[1] Defendant's latter point is correct. Even assuming back pay and attorney's fees may be permissible forms of relief under an application for a preliminary injunction seeking reinstatement, it is clear that the trial judge has great discretion in his preliminary injunction order. It will not be disturbed "unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." *Meccano, Ltd. v. John Wanamaker,* 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822 (1920). Since an award of back pay and attorney's fees is not automatic even after permanent reinstatement, *Jinks v. Mays,* 464 F.2d 1223 (5 Cir. 1972), it is certainly

not an abuse of discretion to deny them on an Application for a Preliminary Injunction.

Having found no abuse of discretion in the preliminary injunction order, we affirm the order and permit it to remain in effect pending the further order of the district court.

---

1. After briefs in the appeal had been received, defendant filed a motion to dismiss the appeal on the ground that it was not a final judgment, and alternatively, that 28 U.S.C. § 1292(a)(1) did not permit appeal since plaintiff received all of the relief she had requested. This court denied the motion to dismiss the appeal on

———. Section 1292(a)(1) does not forbid the party obtaining the preliminary injunction from appealing, and plaintiff could justifiably have felt that attorney's fees were generally awarded in cases such as hers. *See Drew v. Liberty Mutual Ins. Co.,* 480 F.2d 69 (5 Cir. 1973).