Hemamali S. **Rajapaksha**,
Plaintiff/Appellant,
v.
Terrance **Jayaweera**,
Defendant/Appellee.
Appeal No. 96-026
Civil Action No. 95-1066
July 15, 1997

Submitted on the Briefs June 11, 1997.

Counsel for Appellant: Pamela S. Brown, Saipan. (Long & Brown)

Counsel for Appellee: Jane Mack, Saipan. (Micronesian Legal Services)

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Associate Justices.

TAYLOR, Chief Justice:

¶1 ■ Appellant, Hemamali S. Rajapaksha ("Hemamali"), appeals the jurisdiction of the Superior Court to enter a divorce decree dated April 19, 1996. We have jurisdiction pursuant to 1 CMC § 3102(a). We affirm.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 The issue before this Court is whether the Superior Court erred in its assumption of jurisdiction under 8 CMC § 1332 by finding the two year residency requirement was met by a nonimmigrant alien, nonresident worker.

¶3 ■ The issue of whether jurisdiction exists is a question of law, subject to a de novo review. *Office of the Attorney General v. Rivera*, 3 N.M.I. 436, 441 (1993); *Aquino v. Tinian Cockfighting Board*, 3 N.M.I. 284, 292 (1992).

## FACTS AND PROCEDURAL BACKGROUND

¶4 The parties, both citizens of Sri Lanka, were married on May 8, 1991. The appellee, Terrance Jayaweera ("Terrance"), entered the CNMI as a nonimmigrant alien, nonresident worker in April 1992, on a one year employment contract with Benevente Security and on a one year entry permit. During his stay in Saipan, Terrance sent money for support home to his wife in Sri Lanka. In September or October 1993, Terrance was informed by letters from a friend of allegations that his wife Hemamali was seeing another man in Sri Lanka. After some inquiries by letter, he formed the belief that the allegations were true. He considered himself separated from the marriage and stopped sending support to his wife; his last payment was made in November of 1993.[1]

¶5 Hemamali filed a complaint for support against her husband Terrance on November 21, 1995.[2] On December 7, 1995, Terrance answered her complaint and filed a counterclaim for dissolution of marriage.[3] A trial on the issue of jurisdiction and the merits was conducted on March 7, 1996, during which time Hemamali's complaint for support was dismissed and her answer to Terrance's counter-claim was amended to specifically contest jurisdiction under 8 CMC § 1332 and to counter-claim for spousal support if the court found jurisdiction and granted the divorce.[4] On April 19, 1996, a Decree of Divorce was issued, and the court concluded that Terrance "has been a resident of the Commonwealth of the Northern Mariana Islands for at least two years next preceding the filing of his Counterclaim and the court has jurisdiction to adjudicate this case for divorce."[5] Hemamali timely appealed.

## ANALYSIS

### I. The Two Year Residency Requirement Was Satisfied.

¶6 Hemamali contends the Superior Court erred in finding that Terrance met the two year residency requirement under 8 CMC § 1332. Specifically, appellant argues Terrance could not have formed the requisite intent to make Saipan his home or his "domicile" as he entered the Commonwealth as a nonimmigrant alien, nonresident worker, on a temporary, one year employment contract.

---

[1] *Rajapaksha v. Jayaweera*, Civ. No. 95-1066 (N.M.I. Super. Ct. Apr. 19, 1996) (Decree of Divorce at 2); Excerpts R. at 2.

[2] *Rajapaksha v. Jayaweera*, Civ. No. 95-1066 (N.M.I. Super. Ct. Nov. 21, 1995) (Complaint for Support at 1); Excerpts R. at 5-7.

[3] *Rajapaksha v. Jayaweera*, Civ. No. 95-1066 (N.M.I. Super. Ct. Dec. 7, 1995) (Answer and Counterclaim at 1): Excerpts R. at 8-12.

[4] Excerpts R. at 62-64.

[5] *Rajapaksha v. Jayaweera*, Civ. No. 95-1066 (N.M.I. Super. Ct. Apr. 19, 1996) (Decree of Divorce at 2): Excerpts R. at 2.

Therefore, to formulate the present intent to remain permanently within the CNMI and to abandon his original domicile in Sri Lanka, Hemamali contends, would violate the terms of his entry into the Commonwealth.

¶7 Terrance, on the other hand, disputes that a nonresident alien's immigration status precludes establishing the requisite intent for domicile for divorce purposes. Virtually every jurisdiction that has considered this issue, according to Terrance, has found that aliens admitted on temporary visas can nevertheless establish domiciliary intent and meet jurisdictional residency requirements for purposes of divorce.

¶8 The two year residency requirement in a divorce proceeding is codified in 8 CMC § 1332 which provides in its entirety, "[n]o divorce may be granted unless one of the parties has *resided* in the Commonwealth for the two years immediately preceding the filing of the complaint" (emphasis added). This section does not define the term "resided." The appellant urges us to adopt the Trial Court's holding in *Manansala v. Manansala*, 1 CR 160 (N.M.I. Tr. Ct. 1981) that "resided in" requires proof of domicile, which means 1) physical presence, and 2) present intent to remain indefinitely. As stated by Judge Hefner,

> this court has always construed the term "resided in" . . . as requiring a permanent, fixed abode - a domicile. This is not a mere temporary or special purpose home but with a present intention of making it his/her home unless and until something, which is uncertain and unexpected, shall happen to induce the person to adopt some other permanent home. It is a place which the person intends to return and from which he has no present plans to depart.

*Manansala*, 1 CR at 162. We disagree.

¶9 ■ In interpreting a statute, courts first look at the language of the statute. *Commonwealth Ports Auth. v. Hakubotan Saipan Enter., Inc.*, 2 N.M.I. 212, 221 (1991). Unless the statute provides otherwise, the courts should adhere to the rule that words be given their plain meaning. *Id.*; *Nansay Micronesia Corp. v. Govendo*, 3 N.M.I. 12, 16 (1992). The language of the statute is clear that no divorce will be granted unless one of the parties has *resided* in the Commonwealth for two years immediately preceding the filing of a divorce. 8 CMC § 1332 (emphasis added). The statute does not require domiciliary or permanent residency and we have no reason to read such requirements into the statute. Thus, according to language of § 1332, Terrance must be physically present or "resided in" the Commonwealth two years preceding his divorce action in order for the Superior Court to properly exercise its jurisdiction over the matter and enter a divorce decree.

¶10 ■ The record is undisputed that Terrance has lived in the Commonwealth continuously since April 1992. Because Terrance was physically present in the Commonwealth two years prior to his divorce action, and the language of the statute imposes a two year residency requirement, the Superior Court correctly assumed jurisdiction over the matter.

## II. Appellee's Immigration Status Will Not Be Affected By This Divorce Action.

¶11 Hemamali further contends that Terrance's immigration status is inherently inconsistent with a determination of jurisdiction over Terrance's divorce and points to 3 CMC § 4303(q)(8) and the Nonresident Workers Act of 3 CMC § 4411 et seq. as controlling the entry of nonimmigrant aliens, nonresident workers. The term "non-immigrant" is defined in 3 CMC § 4303(q) as being among nine specific classes including:

> An alien having a residence in a foreign country which he has *no intention of abandoning* (B) who is coming *temporarily* to the Commonwealth of the Northern Mariana Islands to perform temporary service or labor, and has been certified as an eligible nonresident worker . . .

3 CMC § 4303(q)(8)(B) (emphasis added).

¶12 ■ Appellee, on the other hand, contends that because the CNMI has its own Immigration and Labor laws, dissolution of marriage laws are separate and distinct from immigration laws. Thus, this Court need not create law complicating family court matters with the intricacies of immigration law and policy. We agree. Immigration laws are construed and interpreted on their own basis, not on divorce laws and jurisdictional requirements. Thus, a determination of jurisdiction for divorce matters has no effect on immigration laws.

## III. Request for Attorneys Fees and Costs

¶13 This Court is not convinced that an award of reasonable attorney's fees and costs are appropriate for the prevailing party. Therefore, the parties are directed to pay their own attorney's fees and costs incurred in this appeal.

## CONCLUSION

¶14 For the forgoing reasons, we hereby **AFFIRM** the Superior Court's finding of jurisdiction over the parties. The parties are directed to pay their own attorney's fees and costs.