12-5018-cv
*SEC v. Olins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand thirteen.

PRESENT:  JOHN M. WALKER, JR.,
          DEBRA ANN LIVINGSTON,
          DENNY CHIN,
                    Circuit Judges.

_____

SECURITIES AND EXCHANGE COMMISSION,
                    *Plaintiff-Appellee*,

          -v-                                    No. 12-5018-cv

ROBERT OLINS, ARGYLE CAPITAL MANAGEMENT CORP.,
                    *Defendants-Appellees*,

AMERICAN BANK & TRUST COMPANY,
                    *Respondent-Appellant*.

_____

JAMES H. FORTE (David H. Herrold, Doerner, Saunders, Daniel & Anderson, L.L.P., *on the brief*), SAIBER LLC, Florham Park, NJ, *for Respondent-Appellant*.

THEODORE J. WEIMAN (Anne K. Small, Michael A. Conley, Jacob H. Stillman, William K. Shirey, *on the brief*), Securities and Exchange Commission, Washington, D.C., *for Plaintiff-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Respondent-Appellant American Bank & Trust Company ("AB&T") appeals from two orders of the United States District Court for the Southern District of New York (Cote, *J.*), issued on October 18, 2012, and November 8, 2012, in connection with a receivership in which AB&T is both receiver and a secured creditor with regard to receivership assets. The district court ordered that AB&T, in its capacity as receiver, use the receivership funds first to pay the secured debt owed to AB&T and second to pay an unsecured judgment owed to Plaintiff-Appellee Securities and Exchange Commission ("SEC"), including interest accrued on each debt until the date of the order establishing the receivership, after which the parties would be permitted to address the payment to either party of any interest accruing after the

appointment of the receiver. AB&T argues that the district court erred by ordering that the SEC be paid the amount of its judgment and pre-appointment interest before AB&T is paid in full – which, according to AB&T, includes payment of both its pre- and post-appointment interest. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

The appellate jurisdiction of the courts of appeals is "generally limited to 'final decisions of the district courts.'" *In re World Trade Ctr. Disaster Site Litig.*, 521 F.3d 169, 178 (2d Cir. 2008) (quoting 28 U.S.C. § 1291). Between them, the parties cite several exceptions to this general rule in asserting that this matter is properly before us. These include two statutory exceptions: 28 U.S.C. § 1292(a)(1), allowing appeals from certain orders regarding injunctions, and § 1292(a)(2), allowing appeals from certain orders regarding receiverships. AB&T also contends that jurisdiction is proper pursuant to *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), and *Forgay v. Conrad*, 47 U.S. (6 How.) 201 (1848). We conclude that none of these exceptions is applicable and that we lack jurisdiction in the absence of a final judgment. Accordingly, we dismiss this appeal.

**A. Statutory Jurisdiction**

Section 1292(a)(1) allows immediate appeals of district court orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." While this provision may, at times, permit interlocutory review of orders regarding receiverships, *see SEC. v. Credit Bancorp, Ltd.*, 290 F.3d 80, 86-87 (2d Cir. 2002), such orders must fall within the terms of § 1292(a)(1). Here, the challenged orders constituted neither the modification of an injunction nor its grant, continuation, refusal, or dissolution. Instead, as contemplated in the original receivership order (which grants AB&T the authority to "mak[e] legally required payments to creditors and agents of the Receivership Estate" and further states that "[f]ollowing a determination by the Court of the amounts owed by the Defendants to each creditor as well as the priorities of each creditor, . . . the Receiver may, without further order of the Court, pay down such indebtedness in order of priority"), the orders here merely determined the amounts owed to AB&T and to the SEC as of the appointment of the receivership, and then permitted AB&T, as receiver, to disburse funds to pay those debts. A party "cannot now appeal from an order which has neither further modified the terms of the preliminary injunction nor the powers of the receiver, but which merely permits an expenditure in accordance

4

with the provisions of these previous orders." *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1020 (2d Cir. 1975), *abrogated on other grounds*, *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010). These orders were among "the scores of discretionary administrative orders a district court must make in supervising its receiver," *id.*, and thus do not fall within the scope of § 1292(a)(1).

We likewise lack jurisdiction under § 1292(a)(2), which provides for the appeal of "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." AB&T argues that jurisdiction is proper because the district court's order constitutes a refusal "to take steps to accomplish the purposes" of the receivership. In *IIT v. Vencap, Ltd.*, however, we rejected this very argument, holding that § 1292(a)(2) did not provide jurisdiction over the appeal of an order permitting disbursement of receivership funds and noting that the clause on which AB&T relies "seems to have been properly read as directed only to situations in which an application has been made by an interested party to have the receivership completed by sales or other dispositions and the district court has refused so to order." *Vencap*, 519 F.2d at 1020; *see also SEC v. Am. Bd. of Trade, Inc.*, 829 F.2d 341, 344 (2d Cir. 1987) (dismissing an appeal of orders invalidating a

5

judicial sale because they "dealt with an administrative matter within the discretion of the district court, and do not fall within that class of interlocutory orders from which an appeal may be taken under Section 1292(a)(2)" (alterations and internal quotation mark omitted)).  Because the orders in this case similarly did not reject a request by AB&T to complete the receivership by sale or other disposal of property, § 1292(a)(2) does not support our review.

**B.  Prudential Jurisdiction**

AB&T's reliance on *Cohen* and *Forgay* is also misplaced.  As to *Cohen*, we have previously held that the collateral order doctrine does not permit appeal of the "scores of discretionary administrative orders a district court must make in supervising its receiver," even in cases where a particular order does "finally dispose" of certain receivership funds. *Vencap*, 519 F.2d at 1020.  The collateral order doctrine permits appeals of interlocutory orders only when three conditions are satisfied: "that an order [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."  *Will v. Hallock*, 546 U.S. 345, 349 (2006) (alterations in original) (internal quotation marks omitted); *see also Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013) (noting that

6

"[t]hese conditions are stringent, and the justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes" (internal citation, quotation marks, and alteration omitted)). Focusing on the third prong alone, we see no reason that the decisions of the district court will not be reviewable on appeal. AB&T argues that because the United States and its agencies are generally immune from suit, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994), it will be unable to recover from the SEC in the event that disbursements are improperly made. The federal government, however, is a party in this litigation, and is subject to the jurisdiction of the district court in which it is a plaintiff up to the amount of its claim. *See United States v. Bedford Assocs.*, 618 F.2d 904, 917 (2d Cir. 1980) (citing *United States v. Shaw*, 309 U.S. 495 (1940)). Because this amount would suffice to satisfy any of AB&T's claims of overpayment to the SEC, there is no evident reason that the district court's decision would not be effectively appealable in the regular course after a final judgment is entered.

Last, we do not have jurisdiction under *Forgay*. "Under the *Forgay* doctrine, an order is treated as final if it directs the immediate delivery of property and subjects the losing party to irreparable harm if appellate review is delayed." *HBE*

7

*Leasing Corp. v. Frank*, 48 F.3d 623, 632 n.4 (2d Cir. 1995) (internal quotation marks omitted). For the reasons already stated, there is no showing here that AB&T will be irreparably harmed by delaying appellate review until the district court enters a final judgment. Moreover, this Court reads *Forgay* narrowly, limiting its applicability to orders directing "immediate delivery of physical property and . . . an accounting which has not been completed." *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 71 (2d Cir. 1973) (internal quotation marks omitted). Thus, because the challenged orders do not involve "a transfer of real property or chattels," *In re Chateaugay Corp.*, 922 F.2d 86, 91 (2d Cir. 1990), and because the orders do not subject AB&T to irreparable harm, the *Forgay* doctrine does not support appellate jurisdiction.

## CONCLUSION

For the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8