# IN THE MATTER OF KRISTEN LEIGH REYNOLDS FOR A CHANGE OF NAME TO: KRISTEN LEIGH TAUER

S. Ct. Civil No. 2013-0031

Supreme Court of the Virgin Islands

December 17, 2013

KRISTEN L. REYNOLDS, St. Thomas, USVI, *Pro se*.

JENNIFER L. AUGSPURGER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for the Government of the Virgin Islands*.[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(December 17, 2013)

CABRET, *Associate Justice*. Kristen Leigh Reynolds appeals the Superior Court's denial of her petition for a name change, in which she sought to change her last name to "Tauer" to match that of her same-sex partner. She argues that her petition complied with the requirements of 16 V.I.C. § 181, and therefore the Superior Court should have granted the

---

[1] Because Reynolds "appears to challenge the constitutionality of 16 V.I.C. § 181," the Government was given an opportunity to respond to Reynolds's appellate brief pursuant to Supreme Court Rule 22(n), even though the Government was not a party to the Superior Court proceedings. *In re Reynolds*, S. Ct. Civ. No. 2013-0031, slip op. at 1 (V.I. June 14, 2013).

name change. For the reasons that follow, we vacate the Superior Court's order denying her petition and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2012, Kristen Leigh Reynolds filed a petition in the Superior Court seeking to change her last name to "Tauer," her "partner's last name." Based on the petition alone, the Superior Court summarily denied the name change on April 12, 2013, finding that Reynolds had not provided sufficient reasons to support the petition. Reynolds filed a timely notice of appeal on April 17, 2013, in which she stated that on March 18, 2012, she and Jessica Dawn Tauer held a union ceremony where they pledged to spend the rest of their lives together. Reynolds's notice of appeal also indicated that because she and Tauer are unable to legally marry in the Virgin Islands, Reynolds sought to change her name since it is the "one legal option available," and that by finding her petition to be insufficient, the court's ruling was discriminatory because opposite-sex couples do not "need to provide any evidence at all for why they want to have the same last name."

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). Because the Superior Court's April 12, 2013 Order denying Reynolds's name-change petition "dispose[d] of all of the claims submitted to [the court] for adjudication," it was a final order, and this Court has jurisdiction over Reynolds's appeal. *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013) (quoting *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012)).

## III. DISCUSSION

Reynolds argues that the Superior Court erred in denying her petition because she is not seeking a name change for any fraudulent or illegal purpose, and the petition met all the requirements of 16 V.I.C. § 181. She asserts that her reason for changing her name was sufficient under section 181 because "a lifelong commitment to another person is an acceptable reason" for a name change, and the name change is not contrary to the public interest because it "simply . . . reflect[s] the seriousness of the commitment to her life partner." The Government takes no position on

whether the Superior Court abused its discretion in denying Reynolds's petition, instead arguing only that 16 V.I.C. § 181 is constitutional. We review the Superior Court's denial of a name-change petition for an abuse of discretion. *See Petition of Rusconi*, 341 Mass. 167, 167 N.E.2d 847, 850 (1960) (reviewing for abuse of discretion under a statute nearly identical to 16 V.I.C. § 181);[2] *see also* 57 AM. JUR. 2D *Name* § 22 ("name change statutes have ordinarily been held to vest discretion in the trial court"); *In re Bacharach*, 344 N.J. Super. 126, 780 A.2d 579, 582-83 (N.J. Super. Ct. App. Div. 2001). But to the extent the Superior Court's exercise of this discretion rested on its interpretation and application of a statute, our review is *de novo. Billu v. People*, 57 V.I. 455, 461 (V.I. 2012).

■■ In summarily denying the name change, the Superior Court held that Reynolds did not provide sufficient reasons as required by 16 V.I.C. § 181 because she "ha[d] not provided the court with her partner's full name nor reasoning why Ms. Reynolds needs her last name to be the same as her [p]artner." Sections 181 and 182 of title 16 of the Virgin Islands Code outline the procedure for adjudicating adult name-change petitions in the Superior Court, providing in full:

### § 181 Application for change of name

Application for change of name may be heard and determined by the [Superior Court]. No lawful change of the name of a person, except a woman upon her marriage or divorce, or upon the adoption of a child, shall be made unless for sufficient reasons not inconsistent with the public interest and satisfactory to the court.[3]

---

[2] *Compare* former MASS. GEN. LAWS. ch. 210, § 12 (repealed 1977) ("No change of the name of a person, except upon the adoption of a child under this chapter or upon the marriage or divorce of a woman, shall be lawful unless made by said court for a sufficient reason consistent with public interests."), *with* 16 V.I.C. § 181 ("No lawful change of the name of a person, except a woman upon her marriage or divorce, or upon the adoption of a child, shall be made unless for sufficient reasons not inconsistent with the public interest and satisfactory to the court.").

[3] Although this section provides that the District Court shall hear and determine name-change petitions, the Legislature granted the Superior Court original jurisdiction over all local civil matters in 1991. 4 V.I.C. § 76(a). And therefore, "all references to the District Court in the Virgin Islands Code enacted prior to [1991] have been implicitly repealed." *In re Rogers*, 57 V.I. 553, 558 n.1 (V.I. 2012).

### § 182 Notice, order and recording of change of name

Before adjudging a change of name, except as provided in chapter 5 of this title, the court shall require public notice of the application therefor to be given that all persons may appear and show cause, if they have any, why the same should not be granted. The court shall also require public notice to be given of the change adjudged, and on return of proof thereof may grant a certificate, under the seal of the court, of the name the party is to have, and which shall thereafter be his legal name and a copy thereof shall be furnished the proper local registrar of vital statistics. If the child has been baptized in the Virgin Islands the proper church officials shall also be notified of such change of name.

" 'The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed.' " *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 745 (V.I. 2013) (quoting *Brady v. Gov't of the V.I.*, 57 V.I. 433, 441 (V.I. 2012)). Looking to the plain language of these sections, we first note that — unlike the name-change statutes of other jurisdictions — neither section addresses what information must be included in the petition.[4] Therefore, we cannot say as a matter of law that Reynolds's petition was facially deficient. *Simpson v. Golden Resorts, LLLP*, 56 V.I. 597, 616 (V.I. 2012) (explaining that the elements of a statutory claim "already represent a policy judgment by the Legislature, which the Superior Court lack[s] authority to disregard by introducing additional elements or considerations not codified in the statute"); *see also Matter of McIntyre*, 552 Pa. 324, 715 A.2d 400, 403 (1998) (stating that the court will not impose restrictions on name-change petitions where the statute is silent); *Rajapaksha v. Jayaweera*, 1997 MP 13 ¶ 9, 5 N. Mar. I. 87 (1997) (noting that courts will not add requirements omitted from

---

[4] For example, the Florida name-change statute requires that a petition include the names of family members, county of residence, employment history, and provides that "[b]efore the court hearing on a petition for a name change, the petitioner must have fingerprints submitted for a state and national criminal history records check." FLA. STAT. § 68.07(2)(a), (3). The California statute requires a "petition [to] specify the place of birth and residence of the person, his or her present name, the name proposed, and the reason for the change of name." CAL. CIV. PROC. CODE § 1276(a). On the other hand, 16 V.I.C. § 181 does not refer to the contents of a name-change petition or what it must include, nor does any court rule.

a statute); *Commonwealth v. Coffey*, 247 S.W.3d 908, 915 (Ky. 2008) ("we are constrained to construe statutes as they are written without adding or deleting any terms from them"); *Spreeman v. State*, 2012 WY 88, 278 P.3d 1159, 1163 (2012) ("this court will not read words into a statute when the legislature has chosen not to include them").

■ Furthermore, name-change statutes are generally divided into two categories: the first requiring "good and sufficient reason" for the change — placing the burden of proof on the petitioner; and the second allowing the name change "unless the court determines that there is a good and sufficient reason to deny" it — placing the burden of showing the name change should be denied on the court or an interested third party. Jane M. Draper, Annotation, *Circumstances Justifying Grant or Denial of Petition to Change Adult's Name*, 79 A.L.R.3d 562, § 2[a] (1977) (collecting cases); *see, e.g., In re Mokiligon*, 2005-NMCA-021, 137 N.M. 22, 106 P.3d 584, 585-86 (2004). The language of section 181 makes clear that this statute falls into the first category — placing the burden of showing sufficient reasons for the name change on Reynolds — by providing that a name-change petition shall not be granted "unless for sufficient reasons not inconsistent with the public interest and satisfactory to the court." 16 V.I.C. § 181; *cf. In re Mohlman*, 26 N.C. App. 220, 216 S.E.2d 147, 151-52 (1975) (holding that a statute allowing a name change "for good cause shown and for good and sufficient reasons" places the burden on the petitioner to "establish[] that it is just and reasonable that the petition be granted"). By doing so, section 181 necessarily contemplates an evidentiary hearing in order to provide Reynolds an opportunity to meet this burden. *Id.* (a name-change statute placing burden on petitioner "contemplates a hearing"); *see also In re Knight*, 36 Colo. App. 187, 537 P.2d 1085, 1086 (1975) (the trial court "should conduct an evidentiary hearing to determine if good and sufficient cause exists"); *Ogle v. Cir. Ct., Tenth (Now Sixth) Judicial Cir.*, 89 S.D. 18, 227 N.W.2d 621, 624-25 (S.D.) (holding that while it was "the duty of the petitioner to present sufficient evidence to enable the trial court to exercise its discretion wisely and intelligently, . . . she cannot be held responsible for the trial court's denial of opportunity"). This interpretation is supported by the plain language of title 16, sections 181 and 182 of the Virgin Islands Code, which provide that a name-change petition "may be *heard* and determined" by the Superior Court, and that "the court shall require public notice of the application therefor to be given, that all

persons may *appear and show cause*" if they oppose the name change. 16 V.I.C. §§ 181-182 (emphasis added).

██ And to the extent the Superior Court required more information before conducting a hearing — such as Reynolds's partner's full name — in order to ensure that Reynolds's partner is aware of the proceedings and has the chance to appear as provided by section 182, the court could have given Reynolds an opportunity to amend the petition. SUPER. CT. R. 8 (allowing the amendment of "any process or pleading for any omission or defect therein"); *see also Marshall v. State*, 301 So. 2d 477, 478 (Fla. Dist. Ct. App. 1974) (recognizing that a name-change petition can be amended). Just as a party must be "afforded notice and an opportunity to amend . . . or otherwise respond" before a trial court may *sua sponte* dismiss a complaint that fails to state a cause of action, *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007),[5] the Superior Court must provide the same opportunity to a name-change petitioner before *sua sponte* denying her petition — otherwise the court deprives the petitioner of her right to be heard. *Brunn v. Dowdye*, 59 V.I. 899, 905 (V.I. 2013) (holding that the Superior Court "commit[s] error by depriving [a party] of her right to be heard" in dismissing an action *sua sponte* without providing notice or a chance to respond); *see also Hoyos v. Singletary*, 639 So. 2d 631, 631 (Fla. Dist. Ct. App. 1994) ("[t]he trial court committed reversible error when it failed to provide Hoyos with an opportunity to present evidence and to be heard" before denying his name-change petition). Even though — unlike the typical civil action — a name-change petition does not initiate adversarial proceedings, and nothing prevents a petitioner from filing a subsequent petition,[6] it runs counter to the interests of judicial economy to require a petitioner to reinitiate an action and pay a second filing fee — or pursue an appeal — when an amendment could have resolved any deficiencies in the original petition. *See generally Simon v. Joseph*, 59 V.I. 611, 626 (V.I. 2013) (recognizing the importance of promoting judicial economy); *Murrell v.*

---

[5] *See also Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 256 n.14 (3d Cir. 2010) ("a [trial] court may *sua sponte* 'raise the issue of the deficiency of a complaint . . . so long as the plaintiff is accorded an opportunity to respond' ").

[6] *See In re Mokiligon*, 2005-NMCA-021, 137 N.M. 22, 106 P.3d 584, 587 (2004) (because a name-change petition "is not, in the strictest sense, litigation," doctrines such as *res judicata* and collateral estoppel do not apply).

*People*, 53 V.I. 534, 544-45 (V.I. 2010) (same). Consequently, the Superior Court abused its discretion in summarily denying Reynolds's name-change petition without providing Reynolds the opportunity to amend her petition or holding a hearing as required by sections 181 and 182, because in doing so the Superior Court denied her the right to be heard. Therefore, we vacate the Superior Court's order, reinstate Reynolds's name-change petition, and remand this matter for further proceedings.[7]

## IV. CONCLUSION

■ Because sections 181 and 182 of title 16 do not require a name-change petition to specifically outline the reasons for the requested name change, but do require the Superior Court to hold a hearing before granting or denying a name change, the Superior Court abused its discretion in summarily denying Reynolds's name-change petition. Accordingly, we vacate the Superior Court's April 12, 2013 Order and remand this matter for further proceedings.

---

[7] Reynolds further asserts that the requirement that a name change be granted only for "sufficient reasons" is vague and lacks guidelines, granting individual judges too much discretion and allowing section 181 to be applied in a discriminatory manner. Because we remand on other grounds we do not reach this issue. Reynolds also urges this Court to amend title 10 of the Virgin Islands Code — concerning civil rights protections in the Territory — to prohibit discrimination based on sexual orientation. Whatever the merits of her arguments, this Court undoubtedly lacks the authority to amend the Virgin Islands Code. *Robles v. HOVENSA, LLC*, 49 V.I. 491, 499 (V.I. 2008) (this Court "is mindful of the separation of powers doctrine and . . . will not rewrite a statute"). But nothing prevents Reynolds from bringing this to the attention of the Legislature. Finally, the Government — addressing an argument Reynolds does not raise — argues that 16 V.I.C. § 181 does not violate the First Amendment. Because we remand on other grounds, we do not reach this issue either.