**FATHI YUSUF, Appellant/Defendant**

**v.**

**MOHAMMAD HAMED, WALEED HAMED, WAHEED HAMED, MUFEED HAMED, HISHAM HAMED, and PLESSEN ENTERPRISES, INC., Appellees/Plaintiffs**

S. Ct. Civil Nos. 2015-0001; 2015-0009

Supreme Court of the Virgin Islands

February 27, 2015

GREGORY H. HODGES, ESQ., STEFAN B. HERPEL, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, USVI, *Attorneys for Appellant.*

JOEL H. HOLT, ESQ., Law Office of Joel H. Holt, P.C., St. Croix, USVI, *Attorney for Appellee Mohammad Hamed.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(February 27, 2015)

PER CURIAM. This matter comes before the Court pursuant to Appellee Mohammad Hamed's motion to dismiss this consolidated appeal, as well as Appellant Fathi Yusuf's opposition. For the reasons that follow, we grant the motion and dismiss this appeal.

## I. BACKGROUND

Yusuf filed a notice of appeal with this Court on January 5, 2015, which the clerk docketed as S. Ct. Civ. No. 2015-0001. In his notice of appeal, Yusuf stated that he was appealing two Superior Court decisions: a July 22, 2014 opinion and order denying a motion to nullify various resolutions passed by the Board of Directors of Appellee Plessen Enterprises, Inc., and denying his request to appoint a receiver for Plessen Enterprises, and a December 5, 2014 opinion and order denying his motion for reconsideration of that earlier decision. The notice of appeal identified five issues that Yusuf intended to present on appeal, including that the Superior Court erred when it (1) declined to void the Board's resolutions; (2) concluded that a long-term lease given by the Board to a start-up company owned by Hamed's sons was fair; (3) approved a lease that Yusuf describes as unfair; (4) refused to appoint a receiver for Plessen Enterprises; and (5) denied his motion for reconsideration.

On January 28, 2015, Yusuf filed another notice of appeal, which the clerk docketed as S. Ct. Civ. No. 2015-0009. In this second notice of appeal, Yusuf stated that he was appealing a January 9, 2015 Superior Court order that adopted a "Final Wind Up Plan" for the partnership between Yusuf and Hamed that operates two Plaza Extra stores on St.

Croix and one on St. Thomas. Specifically, Yusuf stated that he wished to challenge on appeal the fact that the Superior Court erred when it (1) purportedly "cobbl[ed] together" provisions from each partner's proposed plan rather than simply approving one proposed plan in its entirety; (2) provided Hamed with an exclusive right to purchase partnership assets associated with the Plaza Extra-West store; (3) approved of a lease between Plessen Enterprises and Hamed's sons' start-up company that covered the Plaza Extra-West building; (4) required the partner who ultimately purchases the Plaza Extra-Tutu Park store to pay the non-purchasing partner 50 percent of the legal fees incurred in another lawsuit involving that store; and (5) ordered Yusuf, in his capacity as the liquidating partner under the plan, to pay "inflated monthly salaries" to Hamed's sons for 120 days.

On February 9, 2015, Hamed filed a notice of cross-appeal in the appeal docketed as S. Ct. Civ. No. 2015-0009. In that document, Hamed stated that he believed this Court lacked jurisdiction over Yusuf's appeals, but that he wished to preserve his right to challenge other aspects of the "Final Wind Up Plan" in the event this Court concludes that it does, in fact, have jurisdiction. A few days later, on February 13, 2015, in the same appeal, Yusuf filed a motion to stay certain aspects of the "Final Wind Up Plan," and Hamed, in a February 17, 2015 response, opposed the motion on the grounds that this Court lacked jurisdiction over both appeals. Shortly after this Court consolidated the appeals on February 20, 2015, Hamed filed a motion to dismiss the consolidated appeal on February 22, 2015, for lack of jurisdiction premised on the theory that Yusuf had not appealed from a final order or from an interlocutory order that is appealable as of right. On February 24, 2015, Yusuf filed an opposition, which asserted that this Court may exercise jurisdiction under 4 V.I.C. § 33(b)(1)-(2), the collateral order doctrine, and the pragmatic finality doctrine.

## II. JURISDICTION

■ Ordinarily, this Court may only hear an appeal from a final judgment, which is "one that ends the litigation on the merits and leaves nothing to do but execute the judgment." *Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 691 (V.I. 2010) (quoting *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)). However, section 33(b) of title 4 of the Virgin Islands Code provides that

The Supreme Court of the Virgin Islands has jurisdiction of appeals from:

> (1) Interlocutory orders of the Superior Court of the Virgin Islands . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions;
>
> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property.

4 V.I.C. § 33(b). Because the Virgin Islands Legislature modelled this statute after a federal statute, 28 U.S.C. § 1292(a)(1)-(2), that is virtually word-for-word identical in all material respects, this Court construes the statutes alike. *In re LeBlanc*, 49 V.I. 508, 523 (V.I. 2008).

██ In this case, it is clear that all of the orders Yusuf has appealed stem from the Superior Court's efforts to wind up the partnership between him and Hamed, which Yusuf analogizes to the appointment of a receiver.[1] Federal courts have consistently interpreted 28 U.S.C. § 1292(a)(2) — the federal equivalent of 4 V.I.C. § 33(b)(2) — "as authorizing appellate jurisdiction in three discrete situations: 1) the appointment of a receiver, 2) the refusal to wind up a receivership, and 3) the refusal to take steps to accomplish the purposes of a receivership." *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1490 (1st Cir. 1996) (collecting cases); *see also Pressman-Gutman Co. v. First Union Nat'l Bank*, 459 F.3d 383, 393 (3d Cir. 2006) (same). Here, Yusuf does not challenge the Superior Court's decision to appoint a liquidating partner and to establish a wind up plan, and the Superior Court's "Final Wind Up Plan" cannot be characterized as a refusal to take steps to accomplish the purposes of winding up the partnership — on the contrary, the Superior Court's plan sets forth numerous discrete steps to achieve

---

[1] In his opposition to Hamed's motion to dismiss, Yusuf acknowledges that the Superior Court did not state that it was establishing a receivership and appointing a receiver, but cites to federal case law for the proposition that approval of a wind up plan and appointment of a liquidating partner is the equivalent to a receivership. *See, e.g., Sriram v. Preferred Income Fund III P'ship*, 22 F.3d 498, 501 (2d Cir. 1994); *In re Klein*, 940 F.2d 1075, 1077 (7th Cir. 1991). Because we conclude that we lack jurisdiction over this consolidated appeal even if we were to treat the Superior Court's actions as tantamount to approval of a receivership, we decline to resolve this issue as part of this appeal.

that purpose. Rather, Yusuf is only challenging various matters that fall within the administration of winding up the partnership, over which the Superior Court possesses considerable discretion and which are not immediately appealable.[2] *Belleair Hotel Co. v. Mabry*, 109 F.2d 390, 391 (5th Cir. 1940); *see also United States v. Antiques Ltd. P'Ship*, 760 F.3d 668, 671-72 (7th Cir. 2014) (dismissing appeal of order approving sale of property by receiver because permitting such an appeal "would both strain the statutory language and make anything the receiver did appealable immediately, which could flood the courts of appeals with interlocutory appeals").

■ ■ Moreover, the Superior Court's orders governing how the partnership is wound up cannot be appealable as injunctions under 4 V.I.C. § 33(b)(1) because treating such directives as injunctions would render section 33(b)(2) completely redundant and "superfluous," and would undermine the Legislature's "desire to treat orders relevant to receiverships differently than orders relevant to injunctions."[3] *In re*

---

[2] Yusuf contends in his opposition that the United States Court of Appeals for the Fifth Circuit, in *Resolution Trust Corp. v. Smith*, 53 F.3d 72, 77 n.2 (5th Cir. 1995), held that any sale or disposal directed by a court is immediately appealable under 28 U.S.C. § 1292(a)(2). However, we note that in the footnote Yusuf cites, the Fifth Circuit quoted section 1292(a)(2) as authorizing jurisdiction over orders "appointing receivers . . . or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." The full statute, however, provides that one may appeal from "orders appointing receivers, or *refusing orders* to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2) (emphasis added). It is the specific reference to refusal that has caused other courts — including the Fifth Circuit in other cases — to hold that an order is only immediately appealable under section 1292(a)(2) "in three discrete situations: 1) the appointment of a receiver, 2) the refusal to wind up a receivership, and 3) the refusal to take steps to accomplish the purposes of a receivership." *State Street Bank & Trust Co.*, 87 F.3d at 1490 (collecting cases).

[3] In his opposition, Yusuf argues that the "Final Wind Up Plan" modified the earlier preliminary injunction in this case, which had "requir[ed] the Yusuf and Hamed families to maintain joint management of the stores and require[ed] that any distribution of funds from Plaza Extra accounts be approved by a representative for both Yusuf and Hamed." *Yusuf v. Hamed*, 59 V.I. 841, 846 (V.I. 2013). However, the clear purpose of that preliminary injunction was to maintain the status quo until the Superior Court was able to consider his claims on the merits, the first step of which occurred when it issued the "Final Wind Up Plan" to govern the wind up of the partnership. Thus, the "Final Wind Up Plan" cannot be considered a modification of the preliminary injunction, since the preliminary injunction expired by its own terms when the Superior Court issued its merits decision. *See* 11A WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2947 ("A preliminary injunction remains in effect . . . unless it expires earlier by its own terms, *or* is modified." (emphasis added)); *Henco, Inc. v. Brown*,

569

*Saffady*, 524 F.3d 799, 804 (6th Cir. 2008). For similar reasons, courts have also refused to apply the collateral order doctrine or similar judicially-created exceptions to the final judgment rule to permit immediate appeal of "the scores of discretionary administrative orders a [trial] court must make in supervising its receiver." *S.E.C. v. Olins*, 541 Fed. Appx. 48, 51 (2d Cir. 2013) (quoting *IIT v. Vencap, Ltd.*, 519 F.2d 1001, 1020 (2d Cir. 1975)).

Thus, we agree with Hamed that we lack jurisdiction over Yusuf's appeals, as well as his cross-appeal. Thus, we dismiss the consolidated appeal and the cross-appeal without considering the merits of any of the arguments Yusuf and Hamed have raised; to the extent any of the parties wish to appeal the Superior Court's decisions, they may do so only by filing a notice of appeal after entry of a final judgment or other order over which this Court may exercise jurisdiction.

## III. CONCLUSION

For the foregoing reasons, we grant the motion to dismiss, and dismiss this consolidated appeal and the cross-appeal for lack of appellate jurisdiction.

---

904 F.2d 11, 13 (7th Cir. 1990) (no appellate jurisdiction when preliminary injunction had expired on its own terms); *cf. Arellano v. Rich*, S. Ct. Civ. No. 2012-0096, 2013 V.I. Supreme LEXIS 70, *6 (V.I. 2013) (unpublished) (failure to rule on a motion for an injunction is not tantamount to refusing an injunction).