**CORAL MANAGEMENT GROUP, LLC, Appellant/Plaintiff**
**v.**
**THE GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS and**
**THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,**
**Appellees/Defendants**

S. Ct. Civil No. 2015-0071

Supreme Court of the Virgin Islands

May 8, 2017

ALEXANDER GOLUBITSKY, ESQ., Marjorie Rawls Roberts, P.C., St. Thomas, USVI, *Attorney for Appellant.*

MICHAEL J. MOURIDY, ESQ., SU-LAYNE U. WALKER, ESQ., Assistant Attorneys General, St. Thomas, USVI, *Attorneys for Appellees.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

**OPINION OF THE COURT**

(May 8, 2017)

CABRET, *Associate Justice.* Coral Management Group, LLC ("CMG"), appeals a July 9, 2015 Superior Court order requiring it to post a bond in order to obtain an injunction preventing the Virgin Islands Bureau of Internal Revenue ("BIR") from collecting a gross receipts tax from which CMG claims it is exempt. CMG argues that this Court has jurisdiction over this interlocutory appeal because the Superior Court's order constituted an injunction, and alternatively argues that other exemptions to the final judgment rule grant this Court jurisdiction in this case. We agree that we have jurisdiction over this appeal, and conclude that the Superior Court lacked the authority to impose a bond in this case.

554

Therefore, we vacate the Superior Court's order imposing a bond and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2015, CMG filed a complaint in the Superior Court of the Virgin Islands, alleging that it was hired by the HOVENSA oil refinery on St. Croix "to process oil trapped in tanks at the HOVENSA facility." The complaint alleged that, on February 5, 2014, CMG filed gross receipts tax returns with BIR for the period between October 2012 and December 2013, claiming an exemption from the tax under the terms of a concession agreement between the Government of the Virgin Islands and Hess Oil Virgin Islands Corporation ("HOVIC"), the operator of HOVENSA.

According to CMG's complaint, BIR made an "arbitrary assessment" of CMG's gross receipts tax liability as provided for under section 45(a) of title 33 of the Virgin Islands Code, despite CMG's exemption from the tax. As a remedy, CMG sought an injunction preventing BIR from collecting the tax and a determination of its tax liability under 33 V.I.C. § 45(b).

On May 28, 2015, CMG filed a motion for a temporary restraining order and preliminary injunction against BIR. This motion argued that an injunction was required in order to grant CMG meaningful relief against BIR's tax assessment. CMG asserted that it was likely to succeed on the merits of its claim because the concession agreement exempted it from paying gross receipts tax since it was working under contract with HOVENSA. CMG also asserted that it would suffer irreparable harm without an injunction since BIR has the right to levy all of CMG's assets in order to collect the unpaid tax assessment, preventing CMG from operating its business, and that BIR had already done so by filing a notice of a tax lien. CMG further argued that, because of its strong likelihood of success on the merits, coupled with the harm it faced without an injunction and the minimal harm BIR would face, it was entitled to the injunction. Finally, expressing the belief that a bond was required for the injunction, CMG argued that a $1,000 bond was appropriate due to the minimal harm that BIR would suffer if the injunction was issued in error, and the fact that BIR will be entitled to collect interest on the tax assessment for the time that the suit was pending. CMG attached several exhibits to this motion, including the gross receipts tax returns it filed with

BIR, affidavits from its manager, and correspondence between itself and BIR.

Following a June 8, 2015 status conference,[1] BIR filed a status report and request for briefing schedule with the Superior Court on June 23, 2015. BIR indicated in this filing that it had "agreed to a temporary stay until the [Superior Court] decides the merits of the case, provided [CMG] pays the bond required under Federal Rule of Civil Procedure 65." CMG filed a response on June 24, 2015, asserting that a bond was not appropriate for a stay issued under 33 V.I.C. § 45(b).

On July 9, 2015, CMG notified the Superior Court that it was withdrawing its reliance on Federal Rule of Civil Procedure 65 in support of its injunction motion. Instead, CMG argued that the Superior Court was required to stay the Government's collection of the gross receipts tax under 33 V.I.C. § 45(b), and that because section 45(b) did not require CMG to post a bond, the Superior Court could not require one.

Also on July 9, 2015, the Superior Court issued two orders. The first denied CMG's motion for an evidentiary hearing, and the second granted CMG's request for the stay under 33 V.I.C. § 45(b). In imposing the stay, the Superior Court held that even though section 45(b) did not mention a bond, the court still had the equitable discretion to require a bond, and ordered that the stay would remain effective only if CMG posted a $500,000 bond by August 3, 2015. On August 4, 2015, BIR notified the Superior Court that CMG failed to post the $500,000 bond. That same day, CMG filed a notice of appeal with this Court, appealing the Superior Court's requirement that it post a bond in order to obtain a stay in this case.

## II. JURISDICTION

This Court has jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law." 48 U.S.C. § 1613a(d). "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). "Section 32 embodies the final judgment rule, which generally requires a party to raise all claims of error in a single appeal following final judgment on the

---

[1] CMG did not order the transcript of this status hearing.

merits." *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 578 (V.I. 2012) (quoting *Bryant v. People*, 53 V.I. 395, 400 (V.I. 2010)) (internal quotation marks omitted). But this Court also has jurisdiction over "appeals from . . . [i]nterlocutory orders of the Superior Court . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 4 V.I.C. § 33(b)(1); *see, e.g., 3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 549-50 (V.I. 2015).

■ CMG argues that we have jurisdiction over the Superior Court's July 9, 2015 order requiring CMG to post a bond because it is an order granting an injunction. In support of this argument, CMG points out that the Superior Court itself referred to its order as an injunction. "This Court, however, is not constrained by the trial court's characterization of the order." *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 316 (V.I. 2007). Instead, "[t]he determination of whether a particular order is appealable rests on its content and substance, not its form or title." *Simpson v. Bd. of Dirs. of Sapphire Bay Condos. W.*, 62 V.I. 728, 730 (V.I. 2015) (quoting *In re People*, 51 V.I. 374, 383 (V.I. 2009)).

■ "To determine whether an interlocutory order is injunctive and, therefore, subject to immediate appeal, we apply [a] three-part test . . . 'The order must be (1) directed to a party; (2) enforceable by contempt; and (3) designed to accord or protect some or all of the substantive relief sought by a complaint in more than a temporary fashion.' " *Bryant*, 53 V.I. at 404 (quoting *Enrietto*, 49 V.I. at 316). The Superior Court's July 9, 2015 order granting a stay under 33 V.I.C. § 45(b) satisfies all of these requirements. It was directed at the Government, is enforceable by contempt, and prevents the "execution of levies, attachments, and sales of [CMG's] property, whether real or personal, for nonpayment of gross receipts taxes . . . during the pendency of this case." *See Excavation Constr. No. One Contracting Corp. v. Quinn*, 673 F.2d 78, 80, 19 V.I. 641 (3d Cir. 1982) (holding that an order imposing a stay under 33 V.I.C. § 45(b) is an appealable injunction under the federal counterpart to 4 V.I.C. § 33(b)(1));[2] *Prof'l Eng'rs, Inc. v. United States*, 527 F.2d 597,

---

[2] "Because the Virgin Islands Legislature modelled [4 V.I.C. § 33(b)(1)] after a federal statute, 28 U.S.C. § 1292(a)(1)-(2), that is virtually word-for-word identical in all material respects, this Court construes the statutes alike." *Yusuf v. Hamed*, 62 V.I. 565, 568 (V.I. 2015) (citing *In re LeBlanc*, 49 V.I. 508, 523 (V.I. 2008)); *compare* 4 V.I.C. § 33(b)(1) ("The Supreme Court of the Virgin Islands has jurisdiction of appeals from . . . [i]nterlocutory orders

599 (4th Cir. 1975) (an order is an appealable injunction under the federal counterpart to 4 V.I.C. § 33(b)(1) where it stated that "[i]n the interim nothing further shall be done in re the collection of these penalties pending the ruling of the Court in the premises").

■ Therefore, because the Superior Court's July 9, 2015 order requiring CMG to post a bond was an injunction and CMG filed this appeal within 30 days of that order as required by 4 V.I.C. § 33(d)(5), we have jurisdiction over this appeal.[3] *3RC & Co.*, 63 V.I. at 549-50; *see also First Am. Dev. Group/Carib, LLC v. WestLB AG*, 55 V.I. 594, 611-12 (V.I. 2011) (explaining that the 30-day filing deadline imposed by 4 V.I.C. § 33 represents a jurisdictional requirement).

## III. DISCUSSION

Gross receipts taxes in the Virgin Islands are governed by chapter 3 of title 33, which requires that "[e]very individual and every firm, corporation, and other association doing business in the Virgin Islands shall report their gross receipts and pay a tax of four percent (4%) on the gross receipts of such business." 33 V.I.C. § 43(a). Entities subject to this tax "shall file a return each month with the [BIR] . . . declaring the dollar

---

of the Superior Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions[.]"), *with* 28 U.S.C. § 1292(a)(1) ("[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions[.]").

[3] We note that the Superior Court's order granted CMG the injunction that it sought, and CMG is only appealing because the Superior Court granted the injunction on the condition that CMG post a bond. Despite this, section 33(b)(1) does not place any limitations on which party can appeal from an interlocutory order granting or denying an injunction. *See Groves v. McLucas*, 552 F.2d 1079, 1080 n.1 (5th Cir. 1977) ("Section 1292(a)(1) does not forbid the party obtaining the preliminary injunction from appealing." (citing *Drew v. Liberty Mut. Ins. Co.*, 480 F.2d 69 (5th Cir. 1973))); *accord Malloy v. Reyes*, 61 V.I. 163, 171 n.4 (V.I. 2014). Because we have jurisdiction over this appeal under section 33(b)(1), we do not address CMG's alternate arguments that we may exercise jurisdiction over this appeal under the collateral-order doctrine. We also note that although "[t]he District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands," 48 U.S.C. § 1612(a), section 45(b)'s grant of jurisdiction to the Superior Court to resolve a dispute regarding the gross receipts tax does not conflict with section 1612(a). *See Excavation Constr. No. One Contracting Corp.*, 673 F.2d at 80-81; *PanAm. World Airways, Inc. v. Gov't of the V.I.*, 459 F.2d 387, 390-92, 8 V.I. 558 (3d Cir. 1972).

value of the gross receipts during the calendar month . . . accompanied by payment of taxes due on said gross receipts for such calendar month." 33 V.I.C. § 44(c). The failure to file the report and pay the tax results in "a penalty at the rate of five (5) percent per month," and the BIR "shall make arbitrary determination of the tax for the delinquent taxpayer, and after giving him due notice, proceed to collect the tax plus the penalties" provided by chapter 3 of title 33. 33 V.I.C. § 45(a). But "the taxpayer may file a petition in the Superior Court asking that such execution be stayed, pending determination of the actual amount due." 33 V.I.C. § 45(b). The Superior Court "shall advance such petition and shall hear such relevant evidence as the taxpayer and tax administration authority may produce and shall, in the light of such evidence, arrive at the amount the taxpayer should have paid had he complied with the law." 33 V.I.C. § 45(b).

CMG argues that the Superior Court erred in requiring it to post a bond because section 45(b) does not provide that a taxpayer must pay a bond before obtaining the stay. On the other hand, the Government argues that the Superior Court had the discretion to require a bond as a condition of the stay, asserting that if the Legislature intended to make the stay automatic, "it would have crafted the language of 33 V.I.C. § 45(b) similar to other [Virgin Islands] Code sections, which grant the moving party with an automatic stay in the proceedings." The Superior Court agreed with the Government, holding that even though section 45(b) does not impose a bond requirement, nothing in the statute expressly prohibited it, and therefore the court could still require bond in this case under its "equitable authority and discretion."

■ "This Court applies plenary review to the Superior Court's construction of a statute." *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (citing *In re Reynolds*, 60 V.I. 330, 333 (V.I. 2013)). " 'The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed.' " *Id.* (quoting *In re Reynolds*, 60 V.I. at 334). " 'When interpreting statutes, we must read the statute, to the extent possible, so that no one part makes any other portion ineffective.' " *Hansen v. O'Reilly*, 62 V.I. 494, 514 (V.I. 2015) (quoting *Duggins v. People*, 56 V.I. 295, 302 (V.I. 2012)).

■ Despite the Government's arguments to the contrary, the plain language of section 45(b) entitled CMG to the stay upon request. Section

45(b) plainly provides that once the taxpayer petitions the Superior Court for a stay of execution, "the taxpayer may file a petition in the Superior Court asking that such execution be stayed," and the Superior Court *"shall advance such petition* and shall hear such relevant evidence as the taxpayer and tax administration authority may produce and shall, in the light of such evidence, arrive at the amount the taxpayer should have paid had he complied with the law." 33 V.I.C. § 45(b) (emphasis added). "The use of the mandatory word 'shall' normally serves to create an obligation impervious to judicial discretion." *Shoy v. People*, 55 V.I. 919, 927 (V.I. 2011) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998)). Thus, once requested, the stay must be granted, and the Superior Court lacks the discretion to deny the stay or impose conditions on the stay. *See City of Del City v. Harris*, 1973 OK 27, 508 P.2d 264, 265 (1973) (a statute providing "for automatic stay of execution of judgments against municipalities . . . exempt[ed] municipalities from the requirement of filing a supersedeas or stay bond").

 While the Superior Court noted in its order that this Court has authorized it to impose a bond in the context of a preliminary injunction, "[t]he purpose of this security is to guarantee that the enjoined party will be compensated for the expenses of complying with an erroneously issued injunction, as well as placing the moving party on notice of the maximum amount of compensation it could be forced to pay." *Yusuf v. Hamed*, 59 V.I. 841, 860 (V.I. 2013) (citing *Sprint Commc'ns Co. v. CAT Commc'ns Int'l, Inc.*, 335 F.3d 235, 240 (3d Cir. 2003)). This is typically necessary for a preliminary injunction because "it is generally settled that, with rare exceptions, a defendant wrongfully enjoined has recourse only against the bond." *Id.* (citation, internal quotation marks, and alteration omitted). But here the Government has recourse against other assets because, under section 45(b), it may place a lien on the taxpayer's real and personal property — just as it has done in this case. 33 V.I.C. § 45(b). And, the Government cannot be wrongly enjoined from collecting the gross receipts tax because section 45(b) provides for an automatic stay of execution once the taxpayer files its petition. Further, section 45(b) even provides for the Government to recover costs associated with the stay and court proceedings by providing that, once the Superior Court "arrive[s] at the amount the taxpayer should have paid had he complied with the law," the taxpayer "shall be required to pay such amount plus any accrued

penalty and Court costs." And "when a Virgin Islands statute . . . sets forth with precision how . . . proceedings should occur," that statute must operate to the exclusion of the ordinary rules of procedure that would otherwise apply to civil proceedings. *Bryan v. Fawkes*, 61 V.I. 201, 239 n.30 (V.I. 2014).

 Accordingly, because 33 V.I.C. § 45(b) provides that upon a taxpayer's petition, the Superior Court shall stay the Government's attempts to collect the gross receipts tax until the Superior Court can determine the amount the taxpayer owes, the Superior Court erred in conditioning this stay on CMG's posting of a bond. Therefore, we vacate the Superior Court's July 9, 2015 order requiring CMG to post a $500,000 bond and remand for the Superior Court to enforce the stay of execution and proceed to the merits as required by section 45(b).

## IV. CONCLUSION

This Court has jurisdiction over CMG's appeal because the Superior Court's order imposing the stay required by 33 V.I.C. § 45(b) constitutes an appealable injunction under 4 V.I.C. § 33(b)(1). Moreover, the Superior Court committed error in requiring CMG to post a bond in order to obtain the stay, since the statute plainly provides that the stay is automatic and will remain in effect until the resolution of the Superior Court proceedings. We therefore vacate the Superior Court's order imposing a bond and remand for further proceedings.