2005-NMCA-021

106 P.3d 584

**In the Matter of the Petition of Snaphappy Fishsuit MOKILIGON for Change of Name, Petitioner–Appellant.**

**No. 25,202.**

Court of Appeals of New Mexico.

Dec. 22, 2004.

denies a request for a name change. Our notice of proposed disposition proposed to reverse the district court's order denying Petitioner's request. Petitioner has filed a brief statement in support of our proposed disposition, and the State, on behalf of the district court, has filed a memorandum in opposition. Unpersuaded by the State's arguments, we reverse the district court's order denying Petitioner's request for a name change.

{2} We review the district court's denial of Petitioner's request for a name change for an abuse of discretion. *See In re Cruchelow*, 926 P.2d 833, 834 (Utah 1996) (stating that "although a trial court normally has wide discretion in matters of this type, the court must show some substantial reason before it is justified in denying a petition for a name change"). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *N.M. Right to Choose/NARAL v. Johnson*, 1999–NMSC–028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (internal citations, brackets and quotation marks omitted).

{3} Petitioner argued in his docketing statement that NMSA 1978, § 40–8–1 (1989) grants him the right to change his name. Section 40–8–1 reads, in pertinent part, as follows:

> Any resident of this state over the age of fourteen years may, upon petition to the district court of the district in which the petitioner resides and upon filing the notice required with proof of publication, if no sufficient cause is shown to the contrary, have his [or her] name changed or established by order of the court.

We observed in our notice of proposed disposition that some statutes place the burden on the petitioner to show good and sufficient reason for the name change. *See generally* Jane M. Draper, Annotation, *Circumstances Justifying Grant or Denial of Petition to Change Adult's Name*, 79 A.L.R.3d 562 (2004). The language of our statute, howev-

Patricia A. Madrid, Attorney General, Anderson E. Clipper, Assistant Attorney General, Santa Fe, NM, for Appellee.

Snaphappy Fishsuit Mokiligon, Albuquerque, NM, Pro se Appellant.

*OPINION*

ALARID, Judge.

{1} Petitioner, acting pro se, appeals the district court's order denying his request to change his name from "Snaphappy Fishsuit Mokiligon" to "Variable." The precise basis for denying a request for a name change is a question of first impression for New Mexico, and although this case is assigned to this Court's summary calendar, we are issuing a formal opinion in order to clarify the standard by which the district court grants or

**24**

er, places it within the category of name-change statutes that puts the burden of proof to deny a request for a name change on either "the court or interested third parties to prove that there exists a lawful objection which overrides the petitioner's right to a name change." *Id.* at 566.

■ {4} We stated in our notice of proposed disposition that although it has been held that a court has discretion to deny a name change under statutes similar to ours, it is generally held that denial is limited to a showing of an "unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous or offensive to common decency and good taste." *See In re Knight,* 36 Colo.App. 187, 537 P.2d 1085, 1086 (1975) (internal quotation marks and citation omitted). As the Colorado Court of Appeals stated, "We do not suggest that a court must grant every petition for change of name; rather, we hold that some substantial reason must exist for denying such petition." *Id.* Similarly, in *In re Cruchelow,* 926 P.2d at 834 the Utah Supreme Court held that "although a trial court normally has wide discretion in matters of this type, the court must show some substantial reason before it is justified in denying a petition for a name change."

■ {5} As the Utah Supreme Court has recently written, "[a] substantial reason may exist when there is factual proof of an 'unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous or offensive to common decency and good taste.'" *In re Porter,* 31 P.3d 519, 521 (Utah 2001) (citation omitted). However, "[u]nsupported generalizations and speculation do not constitute a cause shown to deny a change of name." *Id.* (citations omitted). In that case, in which the court reversed the district court's denial of the petitioner's request to change his name to Santa Claus, the court noted that name change statutes "merely provide a codified process to aid an individual's common law right to adopt another name at will." *Id.* And the court emphasized that, "[c]onsequently, applications under the statute should be encouraged and should generally be granted unless sought for a wrongful

or fraudulent purpose." *Id.* (internal quotation marks and quoted authority omitted). The Utah Supreme Court was not persuaded that there was factual support for the district court's assertions that the name of Santa Claus would cause confusion or "allow for substantial mischief" or persuaded that it "could cause a substantial chilling effect for persons otherwise entitled to exercise access to the courts but who would be hesitant to sue Santa Claus." *Id.* at 521–22.

■ {6} In this case, the district court's order found that "[t]he proposed change of name is offensive to even the broadest accepted notions of common decency and good sense, and is otherwise contrary to the public good." The court also found that "Petitioner has previously applied for, and the same has previously been denied, a change of name as requested in the present action." However, the court summarily denied Petitioner's request without providing sufficient factual support for the denial. The district court record is only nine pages long, containing the petition, in which Petitioner requested a hearing, the order denying the petition, Petitioner's notice of appeal, and Petitioner's docketing statement. The docketing statement represented that Petitioner did not receive a hearing, but was informed by mail that his request was denied. Thus, there appears to have been no showing of wrongful or fraudulent purpose, and the name "Variable" does not appear obviously offensive. Based on this record, we proposed to hold that no sufficient cause was shown to deny Petitioner's application for a name change.

■ {7} In its memorandum in opposition to our proposed disposition, the State informs us that since September 2003, Petitioner has filed seven petitions requesting a name change, all of which have been dismissed. The State specifically requests that we consider the district court's previous denial of Petitioner's request for the same name change, filed on March 30, 2004. The State then argues that Petitioner's request for the same name change is barred under theories of res judicata or collateral estoppel. We remind the State that "[i]t is improper to attach to a brief documents which are not part of the record on appeal." *Jemko, Inc. v.*

*Liaghat*, 106 N.M. 50, 54, 738 P.2d 922, 927 (Ct.App.1987), and that "[t]his Court will not consider and counsel should not refer to matters not of record in their briefs." *In re matter of Aaron L.*, 2000–NMCA–024, ¶ 27, 128 N.M. 641, 996 P.2d 431.

{8} Moreover, the State does not cite to us any case supporting the proposition that res judicata applies to name changes, but relies generally on *Aguilera v. Palm Harbor Homes, Inc.*, 2004–NMCA–120, 136 N.M. 422, 99 P.3d 672, and *Moffat v. Branch*, 2002–NMCA–067, 132 N.M. 412, 49 P.3d 673 to argue that the petitions were in the same forum, based on the same cause of action and subject matter. In *Moffat*, we repeated the following test for determining when a claim is barred by the doctrine of res judicata:

> Res judicata, or claim preclusion, precludes a party from relitigating a claim, demand, or cause of action when (1) the cause of action is identical in both suits; (2) the same parties are involved; (3) the capacity or character of persons for or against whom the claim is made is the same; and (4) the subject matter is identical.

*Id.* ¶ 14 (citing *Myers v. Olson*, 100 N.M. 745, 747, 676 P.2d 822, 824 (1984)). We note, first of all, that a petition for a name change does not ask the court to resolve a dispute between parties and, therefore, is not, in the strictest sense, litigation. *See Black's Law Dictionary* 952 (7th ed.2004) (defining litigation as "[t]he process of carrying on a lawsuit"). In addition, it is quite possible that a person could change his or her name several times in the course of subsequent marriages and could petition for the same name on more than one occasion. Section 40–8–1 does not limit the number of times a person can petition to change his or her name, but requires the court to order the name change "if no sufficient cause is shown to the contrary." As we stated in our notice of proposed disposition, a sufficient cause is demonstrated when there is evidence of an "unworthy motive, the possibility of fraud on the public, or the choice of a name that is bizarre, unduly lengthy, ridiculous or offensive to common decency and good taste." *In re Porter*, 31 P.3d at 521 (internal quotation marks and citations omitted); *see also In re Knight*, 537 P.2d at 1086.

{9} The State urges us to affirm the district court's dismissal of Petitioner's request on the ground that Petitioner's actions "can be looked upon as vexatious and tying up valuable resources of the court," and to consider Petitioner's numerous requests for a name change as demonstrating an unworthy motive or the possibility of fraud on the public. As we stated earlier, however, these were not the reasons given by the district court, and nothing in the record supports either basis for affirmance. Under the circumstances of this case, in which Petitioner has had no opportunity to respond to these new grounds, we will not affirm on this basis. *See Meiboom v. Watson*, 2000–NMSC–004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (stating that an appellate court may affirm the trial court's ruling on a ground not relied upon by the trial court if reliance on the new ground would not be unfair to appellant).

{10} We clarify, however, that Petitioner is restricted to using the word 'variable' as his legal name. The court is not granting him the power to actually vary his legal name at will and he is limited to using 'variable,' unless or until he changes his name again through a recognized legal process. Moreover, if the court views Petitioner's actions as vexatious and tying up the court's resources, there is nothing to prevent the court, in the exercise of controlling its docket, from requiring Petitioner to have his pleadings reviewed before he is allowed to file them to determine whether they have merit. *See Lepiscopo v. Hopwood*, 110 N.M. 30, 32, 791 P.2d 481, 483 (Ct.App.1990) (stating that when there is a pattern of vexatious filings, courts can constitutionally restrict access to the courts).

{11} For the foregoing reasons, we reverse the district court's order denying Petitioner's application for a name change.

{12} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.