This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL P. ROMERO, d/b/a**
**SANGRE DE CRISTO MTN:**
**STONE & EXCAVATION,**

     Plaintiff-Appellee,

v.                                                                                    **NO. 34,217**

**LINDA HONE, CHACHALACA, LLC,**
**and LOST DOG, LLC,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

New Mexico Legal Center PC
Lee Boothby
Taos, NM

for Appellee

Richard S. Mackenzie
Santa Fe, NM

for Appellants

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Appellants Linda Hone, Chachalaca, LLC, and Lost Dog, LLC (Defendants) appeal from the district court's order denying Defendants' motion to declare void the order granting summary judgment in favor of Appellee Michael Romero, d/b/a/ Sangre de Christo Mtn: Stone & Excavation (Plaintiff). This Court issued a notice proposing to affirm. Defendants have filed a memorandum in opposition, which we duly considered. Unpersuaded, we affirm.

{2}    In this Court's notice of proposed disposition we noted that, in addressing motions to dismiss for a void judgment pursuant to Rule 1-060(B) NMRA, our case law does not appear to apply the due process considerations of Rule 1-004 NMRA (service of process) to Rule 1-005 (service of pleadings). [CN 3-4] Additionally, we proposed to hold that any insufficiency in the notice of hearing on the motion for summary judgment did not violate Defendants' due process rights because, "[i]n considering a motion for summary judgment, the court may, but is not required to, hold an oral hearing." *National Excess Ins. Co. v. Bingham*, 1987-NMCA-109, ¶ 9, 106 N.M. 325, 742 P.2d 537. [CN 6] Defendants respond in their memorandum in opposition by continuing to argue that summary judgment was not proper, because Defendants were not properly served with the notice of hearing and that Defendants' due process rights were violated, resulting in a void judgment. [MIO 2-5] In support

2

of this contention, Defendants cite *Barnett v. Cal M, Inc.* 1968-NMSC-159, ¶ 4, 79 N.M. 553, 445 P.2d 974, in which the New Mexico Supreme Court held that a summary judgment required reversal when it was granted before the time had expired for the opposing party to respond. Defendants fails to point out, however, that the Court found without merit the plaintiff's argument that he was prejudiced by lack of sufficient notice of the hearing at which the motions for summary judgment were heard. *Id.* ¶ 5. Morever, Defendants again fail to cite any New Mexico cases that apply due process requirements of Rule 1-004 to service of subsequent pleadings under Rule 1-005. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

{3} We further noted in our notice of proposed disposition that, even if the Rule 1-004 due process considerations applied to service of pleadings, Defendants nonetheless did not show how notice of the summary judgment hearing was improper under Rule 1-005, because the notice was served on Defendant Hone's last known address provided to the district court [RP Vol.4/927, Vol.1/262, Vol.5/1288], and she failed to appropriately notify the district court of her change of address in compliance with Local Rule LR8-301 NMRA. Defendants respond by contending Defendant Hone, as a self-represented litigant during portions of these proceedings, should be

3

afforded special attention and consideration. [MIO 3-4, 8-9] We have previously held that "[a]lthough pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *In re Camino Real Envtl. Ctr., Inc.*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (alteration, internal quotation marks, and citation omitted). To the extent Defendants refer to notice to parties who are not part of this appeal [MIO 6], we decline to address those issues. *See In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 ("[T]his Court will not consider and counsel should not refer to matters not of record[.]" (internal quotation marks and citation omitted)). We therefore conclude that Defendants have failed to point out any actual errors in fact or in law with this Court's notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}    For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**