This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GERALD CHAVEZ**,

Petitioner-Appellant,

v.                                                                          **No. 35,794**

**ANDREA CHAVEZ**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Gerald Chavez
Albuquerque, NM

Pro se Appellant

Cordell & Cordell
Karin L. Henson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Appellant, Gerald Chavez, appeals from an order of the district court extending an order of protection and modifying a child custody agreement. We issued a notice

of proposed summary disposition proposing to affirm. Appellant has responded with a timely memorandum in opposition, which we have duly considered. Because we remain unpersuaded that our initial proposed disposition was incorrect, we affirm the district court.

{2} Appellant continues to argue that the district court's order extending a restraining order was based on lies told by Respondent and her witness. [MIO 2] This is an argument that the witnesses were not credible. However, as we stated in our notice of proposed summary disposition, as an appellate court we "cannot substitute our judgment of the facts for that of the trial court since only the trier of facts may weigh the evidence, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of witnesses, and decide where the truth lies." *Lewis v. Bloom*, 1981-NMSC-051, ¶ 4, 96 N.M. 63, 628 P.2d 308. We therefore reject this as a basis to reverse the district court. *See Williams v. Williams*, 1989-NMCA-072, ¶ 7, 109 N.M. 92, 781 P.2d 1170 (explaining that the duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court).

{3} Appellant also challenges the district court's order modifying his visitation schedule with his minor children. [MIO 1-3] Modification of custody arrangements is a matter entrusted to the sound discretion of the district court. *See Jeantete v.*

2

*Jeantete*, 1990-NMCA-138, 111 N.M. 417, 806 P.2d 66. "A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children." *Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7; *see also* NMSA 1978, § 40-4-7(G) (1997) (stating that the district court may modify a custody order "whenever circumstances render such change  proper"). "[T]o be a proper exercise of the trial judge's broad discretion in this area, the record must contain substantial evidence supporting the required finding that the modification furthers the best interests of the child." *Jeantete,*1990-NMCA-138, ¶ 7.

{4}     In our notice of proposed summary disposition, we noted that Appellant had not provided a complete recitation of the evidence and testimony below in support of the district court's ruling. *See* Rule 12-208(D)(3) NMRA (providing that docketing statements must contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). The record indicates that the district court conducted a hearing on the motion for modification of the child custody agreement and the petition for order of protection from domestic abuse. [RP 238] The record also contains an exhibit list which indicates that documentary evidence was introduced at the hearing including text messages, a police report, a plea agreement, a letter from a therapist, a letter from the Children, Youth and Families

Department, and social media postings. [RP 236]

{5} In his memorandum in opposition, Appellant has responded that Respondent created an internet account in his name, which she used to fabricate evidence purporting to show that Appellant threatened her. [MIO 1-2] However, this assertion is not a complete statement of the testimony at the hearing or a summary of the contents of the documentary evidence. Without a complete picture of the evidence introduced below, we cannot engage in meaningful appellate review of the district court's modification of the child custody arrangement. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [Rule 12-208(D)(3)], we cannot grant relief on [that] ground"); *see also Mayeux v. Winder*, 2006-NMCA-028, ¶ 27, 139 N.M. 235, 131 P.3d 85 (noting that the appellant bears the burden of clearly demonstrating how the trial court erred). Accordingly, we affirm the district court's order modifying the child custody agreement. *See Michaluk v. Burke*, 1987-NMCA-044, ¶ 25, 105 N.M. 670, 735 P.2d 1176.("Where the record on appeal is incomplete, the ruling of the trial court is presumed to be supported by the evidence.").

{6} Finally, Appellant has attached documents that were not introduced in district court and asks this Court to consider them. Appellant also refers to voice recordings

4

he made of Respondent's witness that were not put in evidence below. [MIO 1] However, we do not consider matters not of record. *See Campos Enters., Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855 (holding that we review only matters that were presented to the district court); *see also In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 ("[T]his Court will not consider and counsel should not refer to matters not of record in their briefs." (internal quotation marks and citation omitted)); *id.* ("[I]t is improper to attach to a brief documents which are not part of the record on appeal." (internal quotation marks and citation omitted)).

{7}     For these reasons and those set forth in our notice of proposed summary disposition, we affirm the district court.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**HENRY M. BOHNHOFF, Judge**