This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FERNANDO NAVA,**

Plaintiff-Appellant,

v.                                              **No. A-1-CA-36897**

**WELLS FARGO BANK, N.A.,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Stalter Law, LLC
Kenneth H. Stalter
Albuquerque, NM

for Appellant

Snell & Wilmer, LLP
Sandra A. Brown
Albuquerque, NM

for Appellee.

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff Fernando Nava appeals following the district court's dismissal of his complaint. After the resolution of a foreclosure action by sale of Plaintiff's house in a short sale (No. D-1329-CV-2012-02756), Plaintiff filed a suit against Defendant Wells Fargo Bank, N.A., alleging bad faith, unfair trade practices, and fraud during the foreclosure proceedings. This Court issued a calendar notice proposing to affirm because we were unable to discern the relief Plaintiff sought and grounds on which that requested relief was based, given a lack of clarity in Plaintiff's docketing statement and Plaintiff's failure to adequately develop or identify what his arguments on appeal may be. Plaintiff then filed a memorandum in opposition (MIO). Later, Plaintiff retained counsel who filed a motion to amend the docketing statement and a motion to amend the memorandum in opposition (collectively, motion to amend) to this Court's disposition. Defendant filed a response to this motion, opposing it. Having considered the arguments raised by Plaintiff in his MIO and the motion to amend, we remain unpersuaded. We deny Plaintiff's motion to amend the docketing statement and motion to amend the memorandum in opposition and affirm the district court's order of dismissal.

{2}     Most recently, instead of addressing the arguments that Plaintiff raised in his docketing statement and this Court analyzed in our calendar notice, Plaintiff now seeks to amend his docketing statement to argue that (1) the district court erred by

2

ruling that Plaintiff's claims were barred as compulsory counterclaims and pursuant to res judicata and accord and satisfaction where a statutory "safe harbor" exists "allowing borrowers to bring mortgage-related claims even after a prior foreclosure proceeding, NMSA 1978, § 58-21A-6(E) (2009)" and (2) the district court erred by dismissing Plaintiff's claims as not pleaded with specificity, where one of the claims was bad faith rather than fraud; Plaintiff was not given an opportunity to replead the claims; and "the complaint identified a specific alleged misrepresentation." [Proposed Amended Docketing Statement, 3-4]

{3}     This Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. Because Plaintiff's motion to amend fails on several of these factors, we deny the motion.

{4}     First, a motion to amend will be considered timely when filed prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the

3

summary calendar. *Id.* ¶ 8 (citation omitted). This Court filed a calendar notice assigning this matter to the summary calendar and proposing to affirm on May 1, 2018. Thereafter, any memorandum in opposition was due within twenty days. Rule 12-210(D)(2) NMRA. However, Plaintiff filed this motion to amend the docketing statement on June 27, 2018, which is untimely pursuant to our Appellate Rules. Plaintiff acknowledges this untimeliness in his motion to amend. [Motion to Amend, 4] This alone is reason to deny the motion under *Rael*.

{5}      In fact, we note that this motion to amend is so untimely that Plaintiff had time to file a timely memorandum in opposition, on May 9, 2018. Therefore, Plaintiff now also requests to amend that memorandum in opposition. We note that there is no provision in our Appellate Rules that would permit amending a memorandum in opposition at all. This request is particularly far outside the bounds of appellate procedure, and we are forced to deny it.

{6}      To the extent that we have reviewed the motion to amend, we note that there are significant preservation issues. Plaintiff now argues that a statutory provision, Section 58-21A-6(E), should be applied to the portion of the district court's order dismissing on the grounds that Plaintiff's arguments should have been raised as mandatory counterclaims in the former foreclosure suit. Plaintiff does not indicate this argument was raised before, and in fact acknowledges in his motion to amend that it appears that

4

the district court did not consider this statute. [Motion to Amend, 5] "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). "The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. On preservation grounds, we decline to grant the Motion to Amend, because it does not show that the issue was preserved below, nor does it claim that this may be raised for the first time on appeal. *See Rael,* 1983-NMCA-081, ¶ 7.

{7}     Plaintiff's second issue also fails to allow for an amended docketing statement. Plaintiff argues that the district court erred by dismissing Plaintiff's claims as not pleaded with specificity, where one of the claims was bad faith rather than fraud; Plaintiff was not given an opportunity to replead the claims; and "the complaint identified a specific alleged misrepresentation." [Proposed Amended Docketing

Statement, 3-4]. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730; *see Moore*, 1989-NMCA-073, ¶ 42 ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit."). We remain unclear about the argument, especially what the "specific alleged misrepresentation" is. [Proposed Amended Docketing Statement, 4] "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *see also Rael*, 1983-NMCA-081, ¶ 10 (stating that a motion to amend a docketing statement must contain an accurate statement of all facts material to a consideration of the issues raised).

{8}     This Court is not unsympathetic to Plaintiff's plight with trial counsel in this case, and we appreciate his current counsel's alacrity. However, Plaintiff chose to represent himself pro se. As we recounted in our calendar notice, "We view pleadings by self-represented litigants with tolerance; however, a self-represented litigant, 'having chosen to represent him [or her]self, is held to the same standard of conduct

and compliance with court rules, procedures, and orders as are members of the bar.' *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327." [CN 1-2]

**{9}** Because we deny the motion to amend, we return to the memorandum in opposition to this Court's notice of proposed disposition filed by Plaintiff on May 9, 2018. In that MIO, Plaintiff did not provide this Court with any authority or argument to establish that the district court's dismissal of his complaint was in error. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule. . . . Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citations omitted)). Moreover, to the extent Plaintiff continues to argue that there were forgery and fraud at the time of the initial mortgage, or that an improper financial relationship existed between Defendant and the entity that purchased the house at issue at a short sale, Plaintiff has not otherwise developed these arguments. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Nor has Plaintiff offered a factual basis or

7

legal theory to support his vague allegations against his trial counsel, which seem to be raised for the first time in his memorandum in opposition.

{10}     Furthermore, to the extent Plaintiff has submitted additional documentation in his response to this Court's calendar notice, we note that "it is improper to attach to a brief documents which are not part of the record on appeal." *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 (alteration, internal quotation marks, and citation omitted). "[T]his Court will not consider and counsel should not refer to matters not of record in their briefs." *Id.* (internal quotation marks and citation omitted). An appellate court reviews only matters that were presented to the trial court, and this Court cannot now consider materials that were not part of the case below. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691, 964 P.2d 855.

{11}     Accordingly, we affirm.

{12}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**



_____

8

**STEPHEN G. FRENCH, Judge**


_____
**EMIL J. KIEHNE, Judge**