This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39817**

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.

**JACOBO SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Thomas E. Lilley, District Judge**

Parker W. Patterson
Roswell, NM

for Appellee

Jacobo Pete Sanchez
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals from the district court's order denying Defendant's motion to withdraw the district court's remand of his case to municipal court, following the district court's dismissal of his de novo appeal after Defendant failed to appear. [1 RP 233] In this Court's notice of proposed disposition, we proposed summary affirmance. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**    In his memorandum in opposition, Defendant continues to argue that the district court erred by failing to order a competency evaluation because the district court was "made aware that Defendant did in fact suffer a traumatic brain injury." [MIO 1]

Defendant continues to claim that this injury implicates both his ability to represent himself in the district court and his competency to stand trial. [MIO 1-2]

**{3}** However, we addressed these arguments in our notice of proposed disposition, and Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. "Although pro se pleadings are viewed with tolerance, a pro se litigant is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (omission, internal quotation marks, and citation omitted). "Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126.

**{4}** To the extent that Defendant argues that if he "had been able to fully explain <u>in a hearing</u> to the [district court] as to why he was afraid of going to trial in his mental state," then the district court "in all likelihood," would have ordered a competency evaluation, we note that there is no indication in the record that the district court was required to conduct evidentiary hearings on Defendant's motions, which requested continuances. [MIO 3, 1 RP 134-35, 151-65, 173-74] A district court is not always required to hold an in-person hearing, and some matters are properly heard based solely on the review of the papers submitted by the parties. *See N.M. Transp. Dep't v. Yazzie*, 1991-NMCA-098, ¶ 12,112 N.M. 615, 817 P.2d 1257 (holding that the appellant received a hearing when the district court made its decision based on a petition for relief and an administrative record, without in-person argument).

**{5}** Further, to the extent that Defendant asks this Court to consider medical records that he did not have at the time his motions were filed in the district court, we note that this Court does not review documents that are not part of the record on appeal. *See, e.g., In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 (stating that "it is improper to attach to a brief documents which are not part of the record on appeal" and "this Court will not consider and counsel should not refer to matters not of record in their briefs" (internal quotation marks and citations omitted)). [MIO 4]

**{6}** As we suggested in our proposed notice of disposition, there is no evidence in the record that suggests that Defendant's competency was raised or that the district court should have considered Defendant's competency, and thus, we conclude that there was no error. [CN 4-5] A traumatic brain injury alone does not inevitably give rise to incompetency. Competency refers to whether the defendant has "(a) sufficient

present ability to consult with the defendant's lawyer with a reasonable degree of rational understanding, (b) a rational as well as factual understanding of the proceedings against the defendant, and (c) the capacity to assist in the defendant's own defense and to comprehend the reasons for punishment." Rule 5-602.1(B)(1)(a)-(c) NMRA. Again, in Defendant's case, there is no evidence that would tend to establish a "reasonable belief that the defendant may not be competent to stand trial." Rule 5-602.1(F).

{7}     Even acknowledging Defendant's assertion of his traumatic brain injury, there is still no evidence in the record to suggest that Defendant wished to revoke his waiver of counsel. [CN 7-8] It does not appear that Defendant no longer wished to exercise the right of self-representation, by no longer "(1) clearly and unequivocally assert[ing] his or her intention to proceed pro se, (2) mak[ing] the assertion in a timely manner, and (3) knowingly and intelligently waiv[ing] the right to counsel." *State v. Stallings*, 2020-NMSC-019, ¶ 43, 476 P.3d 905.

{8}     As to these conclusions from our notice of proposed disposition, again, Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *State v. Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order denying Defendant's motion to withdraw the district court's remand of his case to municipal court, following the district court's dismissal of his de novo appeal after Defendant failed to appear.

{9}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**