This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40769**

**ARROYO DEL OSO PROPERTY MANAGEMENT,**

Plaintiff-Appellee,

v.

**RAQUEL GONZALES and ERNEST PARSON,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Court Judge**

Ronald A. Tucker LLC
Ron A. Tucker
Albuquerque, NM

for Appellee

Ernest R. Parson
Albuquerque, NM

Raquel Gonzales
Albuquerque, NM

Pro se Appellants

## DECISION

**IVES, Judge.**

**{1}** Defendants Raquel Gonzales and Ernest Parson appeal two orders—a magistrate court's writ of restitution and a district court's partial judgment for restitution—issued in an eviction proceeding and subsequent appeal under the Uniform

Owner-Resident Relations Act, NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007). Exercising our jurisdiction to review the restitution orders, *see White v. Farris*, 2021-NMCA-014, ¶ 24, 485 P.3d 791, we affirm.[1]

**{2}** Defendants argue that (1) the magistrate court lacked jurisdiction in issuing its writ of restitution; (2) the district court erred in issuing the partial judgment for restitution; (3) Defendants' appeal to this Court should have automatically stayed the execution of the writ issued by the district court; and (4) Plaintiff—Arroyo Del Oso Property Management (ADO)—committed fraud or misrepresented a document to the court. We are not persuaded by any of these arguments.

**{3}** First, we decline to reverse on the basis of Defendants' argument that the magistrate court lacked jurisdiction. Defendants assert that ADO requested damages in the amount of $12,262.48, a sum that would exceed the magistrate court's jurisdictional limit. *See* NMSA 1978, § 35-3-3(A) (2001). We found nothing in the record—and Defendants do not point to anything—that supports the assertion that ADO requested this amount from the magistrate court, that the magistrate court considered granting this amount, or that it actually granted this amount. *See* Rule 12-318(A)(3) NMRA.

**{4}** Moving to Defendants' second argument, they contend that the district court's partial judgment for restitution was improper because Defendants had a valid excuse for not appearing at the hearing; and because they had an ownership interest in the property. Neither contention warrants reversal. To begin, Defendants do not identify any evidence in the record that supports their explanation for why they did not appear at the hearing. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (recognizing that arguments and assertions are not evidence). Next, because Defendants reiterate facts that may tend to show that they had an ownership interest in the property, we understand them to argue that the court lacked substantial evidence when it determined that they were in a lease, instead of determining that they had an ownership interest in the property. For example, at times they characterize the agreement attached to ADO's petition as a "buyer/seller agreement." In addition, they argue that they paid two months of property taxes, that the property owner received a rental assistance check which was to go to their purchase price of the property, and that they were renovating the property. In reviewing a substantial evidence claim, "[t]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. As we read Defendants' briefs on appeal, they do not dispute that they were parties to the contract that ADO attached to its petition, but instead that ADO provided an incomplete version of the contract. And both contracts—the one ADO attached to its petition and

---

[1] We decline to reach the merits of Defendants' arguments relating to the damages they claim to have suffered as a result of their eviction. Because neither the magistrate court nor the district court addressed damages, we lack an appealable order on the issue. *See Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 ("[O]ur appellate jurisdiction is limited to review of 'any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights.'" (quoting NMSA 1978, § 39-3-2 (1966) (alteration omitted)).

the five page version Defendants attached to their answer and a motion—contain ample language that supports a determination that it was a lease. Both are titled "residential occupancy agreement"; both identify a lease term and set a monthly rent amount; both identify Defendants as residents with the right to use the property; and both note that Defendants paid first and last month's rent. Further, the additional provisions in Defendants' version identify Defendants as "tenants" and state that their work on the property during a given month may be credited towards their "next month[']s rent."

{5}     Third, we disagree with Defendants that their appeal from the district court should have automatically stayed their eviction pursuant to NMSA 1978, Section 47-8-47 (1999). This statute provides for a stay of the execution of a writ of restitution if, within five days of appealing the writ, the resident pays the owner or places in escrow the "amount equal to the rental amount" and continues to pay the amount "on a monthly basis on the date rent would otherwise become due." *Id.* Defendants suggest that because the writ of restitution issued by the magistrate court set the appeal bond at $0, they therefore should have obtained a stay pending appeal to this Court even though they did not pay the owner the rental amount or put that amount into escrow. The statutory text does not support Defendants' position, and because they cite no other supporting authority, we assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

{6}     Fourth, we are not persuaded that we should reverse based on Defendants' argument that ADO committed fraud or misrepresented the agreement to the courts. Defendants assert that ADO committed fraud or misrepresentation by attaching a two-page agreement to its petition for restitution because, Defendants claim, the agreement was actually five pages in total. The only five-page agreement in the record is the one that Defendants attached to Defendants' answer and one of their motions whose first few pages seemingly mirror the content of the agreement attached to ADO's petition.2 Because this is the only other contract we found in the record, we assume this is the one to which Defendants refer. Defendants only cite to two statutes, NMSA 1978, §§ 58-21-23 (2009) and 61-29-12(A)(10) (2022), to support their position, neither of which stand for the proposition that a party engages in fraud or misrepresentation of a document if they only include part of that document. *See ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). Even so, if we accept that the agreement contained additional provisions, and it is the five-page agreement we found in the record, we do not believe ADO committed fraud or misrepresented the agreement because the additional provisions we have identified actually provide further support for the court's determination that it was a lease, as we explained above in our substantial evidence analysis.

---

2The five-page agreement in the record contains some major formatting differences, both within itself and compared to ADO's version. Defendants seemingly try to rectify these formatting discrepancies by attaching a *four*-page agreement to their reply brief, which we have not found in the record. *See In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 (stating an appellate court does not review documents attached to briefs that are not in the record).

**{7}** Finally, to the extent that the Defendants seek to raise additional claims of error in their appellate briefs, they have not developed sufficiently clear arguments in support of those claims of error, and we therefore decline to specifically address them. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

**{8}** Because we are not persuaded that reversible error occurred, we affirm.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KATHERINE A. WRAY, Judge**

**MICHAEL D. BUSTAMANTE, Judge,
retired, sitting by designation.**