This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42552

**VALENTIN RODRIGUEZ,**

Plaintiff-Appellee,

v.

**MONICA LUJAN,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosie Lazcano Allred, Metropolitan Court Judge**

Valentin Rodriguez,
Los Lunas, NM

Pro Se Appellee

Monica Lujan
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Monica Lujan appeals from the metropolitan court's order entering judgment in favor of Plaintiff. This Court issued a notice of proposed disposition, proposing to summarily affirm. In response, Defendant filed a memorandum in opposition to and Plaintiff Valentin Rodriguez filed a memorandum in support of our proposed summary disposition.

**{2}** We understand Defendant's memorandum in opposition to clarify the basis for her claims that Defendant took approximately three months to file an appeal and continues to refuse to relinquish title to the mobile home. [DS PDF 8-9; MIO PDF 2-3]

Defendant argues that, after the metropolitan court's entry of judgment, the parties agreed to settle the matter in lieu of appeal, but Plaintiff reneged on that agreement. [DS PDF 2-3] In support of this contention, Defendant has attached a number of documents to her memorandum in opposition. [MIO PDF 2, 15-18]

**{3}**     It is unclear from Plaintiff's memorandum in support whether he agrees that the parties had reached an agreement following the metropolitan court's entry of judgment. However, we note that the metropolitan court's judgment for forcible entry or detainer awarded a monetary judgment of $77 to Plaintiff. [RP 19] Yet Plaintiff's memorandum in support contends that "earlier this year" he accepted four money orders from Defendant that he believed were for $500 each, but in fact were only for $5 each. [MIS PDF 1-2]

**{4}**     Thus, in their respective filings, both parties have argued new facts to this Court that they have not first presented to the metropolitan court. However, these facts and arguments are not properly before this Court on appeal. *See Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19 ("[R]eference to facts not before the [trial] court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure."); *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 ("[I]t is improper to attach to a brief documents which are not part of the record on appeal." (internal quotation marks and citation omitted)). Therefore, this Court will not consider either party's new factual assertions. *See Durham*, 2009-NMSC-007, ¶ 10; *see also In re Mokiligon*, 2005-NMCA-021, ¶ 7 ("[T]his Court will not consider and [parties] should not refer to matters not of record in their briefs." (internal quotation marks and citation omitted)); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{5}**     Plaintiff's memorandum in support also continues to request that this Court enter an order enforcing the metropolitan court's judgment. [MIS PDF 2] As we noted in our calendar notice, this Court does not have authority to do so and enforcement proceedings must instead be brought before the metropolitan court. [CN 4]

**{6}**     Defendant's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}**     Accordingly, we rely on the reasoning contained in our notice of proposed disposition and affirm the metropolitan court.

**{8}** IT IS SO ORDERED.

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**