This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41855**

**DARLENE FLORES,**

Plaintiff-Appellee,

v.

**TOBY BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Darlene Flores
Albuquerque, NM

Pro Se Appellee

Toby Baca
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant appeals the district court's judgment for restitution. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition and Plaintiff has filed a memorandum in support, both of which we have duly considered. As we are not persuaded by Defendant's arguments, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold that sufficient evidence had been presented establishing Plaintiff as the owner of the residence and that Plaintiff and Defendant had a relationship as an owner and tenant as

a result. [CN 4] We additionally proposed to find that sufficient evidence established a rental agreement between the parties whereby Defendant would pay $66.00 a month to Plaintiff in order to continue residing at the property. [CS 4-5] As a result, we further proposed to find no error in the district court's application of the Uniform Owner-Resident Relations Act, NMSA 1978, Sections 47-8-1 to -52 (1975 as amended through 2025). [CN 5-6]

**{3}**     In his memorandum in opposition, Defendant continues to argue that the agreement between the parties where he would "pay [$]66.00 a month toward[s] property taxes . . . was **NOT** a rental agreement." [MIO PDF 2] However, the memorandum does not provide any new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}**     We further observe that the memorandum in opposition includes the following: a direct challenge to the probate of his mother's estate [MIO PDF 2, 7-11], a newly raised allegation of harassment by Plaintiff and her husband [MIO PDF 4], contentions regarding the current condition of the property [MIO PDF 13], and exhibits concerning the probate proceedings, the condition of the property, Defendant's payments, and Defendant's recent hospitalization [MIO PDF 10-54]. All of these are not properly before this Court at this time.

**{5}**     With regard to Defendant's arguments regarding the probate proceedings and Plaintiff's obligations as personal representative, we note that this appeal concerns only the landlord-tenant proceedings and that any attempt to relitigate these other matters through these proceedings is inappropriate. *See Hernandez v. Parker*, 2022-NMCA-023, ¶ 5, 508 P.3d 947 (explaining that collateral estoppel "prevents a party from re[]litigating ultimate facts or issues actually and necessarily decided in a prior suit" (internal quotation marks and citation omitted); *see also Valerio v. San Mateo Enters., Inc.*, 2017-NMCA-059, ¶ 37, 400 P.3d 275 (recognizing that where claims were not before the district court, no judgment could have been or was entered with respect to them). Accordingly, Defendant's argument that the probate proceedings were incorrectly conducted is not properly before us, and we do not address it. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{6}**     These same principles apply to Defendant's newly-raised allegation of harassment by Plaintiff and her husband and we similarly decline to address it. *See Campos Enters. Inc. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 12, 125 N.M. 691,

964 P.2d 855 (explaining that an appellate court reviews only matters that were presented to the trial court); *Valerio*, 2017-NMCA-059, ¶ 37 (same).

**{7}** Lastly, with regard to Defendant's attached exhibits, we observe that, "[i]t is improper to attach to a brief documents which are not part of the record on appeal." *Jemko, Inc. v. Liaghat*, 1987-NMCA-069, ¶ 22, 106 N.M. 50, 738 P.2d 922. Thus, Defendant's "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. As a result, "this Court will not consider and counsel should not refer to matters not of record in their briefs." *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 (internal quotation marks and citation omitted).

**{8}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's judgment for restitution.

**{9}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**